[Cite as *State v. Mayer*, 2016-Ohio-520.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2014-CA-14 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 14-CRB-001- |
| v. | : | 0167 |
| | : | |
| DEBORAH L. MAYER | : | (Criminal Appeal from |
| | : | Darke County Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of February, 2016.

. . . . . . . . . . .

MARK E. HEGGIE, Atty. Reg. No. 0015441, Darke County Municipal Prosecutor's Office,
100 Washington Avenue, Post Office Box 1158, Greenville, Ohio 45331
    Attorney for Plaintiff-Appellee

JAMES S. ARMSTRONG, Atty. Reg. No. 0020638, 131 North Ludlow Street, Suite 386,
Dayton, Ohio   45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Deborah Mayer appeals from a judgment entry of
conviction and sentencing requiring her to pay, as part of her probation, costs from a
separate case that was dismissed by agreement of the parties as well as costs and fines

on "ALL cases."   Mayer contends that she did not agree to the payment of those costs.

{¶ 2} We conclude that the record before us does not support the trial court's order to pay costs in the other, dismissed case.   Furthermore, the record demonstrates that the trial court was not certain what cases it was including in the term "ALL cases."   From the record before us, we cannot tell if this involved other prior dismissed cases. Accordingly, that part of the judgment is Reversed, the judgment is Affirmed in all other respects, and this cause is Remanded for further proceedings.

### I. The Course of Proceedings

{¶ 3} Mayer was charged in this case, No. 14-CRB-001-0167 in the Darke County Municipal Court, with Disorderly Conduct, in violation of R.C. 2917.11(A)(2), as a result of conduct occurring on March 17, 2015.   Counsel was appointed to represent Mayer, who ultimately entered a plea of guilty to the charge.

{¶ 4} At sentencing, Mayer was given a one-year probation term conditioned upon payment of costs and fines, and upon her compliance with her psychiatrist's recommendations and taking her prescribed medications.   Of relevance hereto, Mayer was fined $100, and was assessed total court costs of $251. On the sentencing entry form, beside the handwritten court costs figure of $251, were the hand-written words "+ dismissal CCs from 13.CRB.001.0057."   Under the section entitled "Terms of Probation (for suspended sentence): * * * (2) pay fine and costs," the trial court entered a hand-written notation that Mayer must pay $25 per month.   The trial court also made a hand-written note that Mayer had to pay the $25 per month "until ALL [fines and costs] on ALL

cases are [paid in full]." The trial court noted that if Mayer failed to comply with the terms of the probation, she would be required to serve 20 days in jail.

{¶ 5} From the judgment, Mayer appeals. Appointed counsel filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which counsel stated that no meritorious errors were noted. This court found that the appeal was not wholly frivolous – that there was one potential assignment of error having arguable merit involving the imposition, as part of the sentence, of court costs in a different criminal case. New counsel was appointed, and three assignments of error were asserted.

## II. The Record Does Not Support the State's Claim that Mayer Agreed To Pay the Court Costs in a Previous, Dismissed Case and in Other Prior Cases; and those Costs May Not Be Imposed in this Case in the Absence of Such an Agreement

{¶ 6} Mayer's First and Second Assignments of Error state:

THE TRIAL COURT ERRED IN ORDERING COURT COSTS FOR A DISMISSED CASE WITH A DIFFERENT CASE NUMBER, AND APPELLANT DID NOT AGREE TO PAY SAID COSTS.

THE TRIAL COURT ERRED IN ORDERING COURT COSTS FOR OLDER CLOSED CASES AS A TERM OF PROBATION AND CONDITION OF THE SUSPENDED JAIL SENTENCE.

{¶ 7} Mayer contends that the trial court did not have authority to impose court

costs related to any different cases, as part of the costs in the case before us.

{¶ 8} In general, a conviction is "usually a prerequisite for the imposition of court costs." *Cleveland Hts. v. Machlup*, 8th Dist. Cuyahoga No. 93086, 2009-Ohio-6468, ¶ 15. "In fact, R.C. 2947.23 authorizes a trial court to assess the costs related to a prosecution only when a defendant has been found guilty and sentenced." *City of Willoughby v. Sapina*, 11th Dist. Lake Nos. 2000-L-138, 2000-L-139, 2001 WL 1602651, * 2 (Dec. 14, 2001). Thus, in the absence of an agreement to pay court costs, a trial court errs by imposing court costs against a criminal defendant from a case that has been dismissed. *Machlup*, ¶ 19.

{¶ 9} Here, the State contends that the parties agreed that in exchange for the dismissal of case number 13-CRB-001-0057, Mayer would plead guilty to the charge of Disorderly Conduct in the case before us, and would pay the court costs in both this case and the dismissed case. Mayer denies this. The transcripts of the plea and sentencing hearings contain no evidence to suggest that, as part of the plea arrangement, Mayer would be responsible for the costs of the dismissed case. Indeed, from our reading of the sentencing transcript, Mayer appears to object to including those costs, by indicating that she thought that older cases and costs were being dismissed. Thus, while it is possible that the parties did have such an understanding, the record does not so indicate.

{¶ 10} We further find no authority for imposing costs from a dismissed case as part of the probation terms in a separate case. Thus, based upon the record before us, we find that Mayer's argument has merit.

{¶ 11} We also note that the order requires Mayer to pay costs and fines from other prior cases. Again, there is nothing in this record to indicate that Mayer agreed to

the payments of such fines and costs as part of her plea bargain. Further, from the record before us, we cannot discern the meaning of the phrase "ALL cases," and whether it includes prior dismissed cases, or even what cases are referenced. It is clear that the trial court was not even certain as to what cases, costs and fines were being referenced. Thus, we conclude, based upon the record before us, that the trial court erred in including any prior case costs and fines as part of the disposition of this case.

{¶ 12} Accordingly, the First and Second Assignments of Error are sustained.

### III. The Issue of Ineffective Assistance of counsel Is Rendered Moot

{¶ 13} Mayer's Third Assignment of Error is as follows:

APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL BY COUNSEL'S FAILURE TO OBJECT TO THE COURT'S IMPOSITION OF COURT COSTS FOR AN UNRELATED AND DISMISSED CASE AND SEVERAL OLDER CLOSED CASES.

{¶ 14} Mayer contends that her trial court counsel was ineffective for failing to object to the imposition of the court costs stemming from the prior dismissed case and from other prior cases. Given our disposition of the First and Second Assignments of Error, this argument has been rendered moot.

{¶ 15} The Third Assignment of Error is overruled as moot.

### IV. Conclusion

{¶ 16} Mayer's First and Second Assignments of Error having been sustained, and her Third Assignment of Error having been overruled as moot, that part of the judgment

of the trial court imposing court costs in Mayer's previous, dismissed case, as well as in any other unspecified prior cases is Reversed, the judgment is Affirmed in all other respects, and this cause is Remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, J., and HALL, J., concur.

Copies mailed to:

Mark E. Heggie
James Armstrong
Hon. Julie L. Monnin